# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUAN BAUTISTA MERINO,<br><br>                  Petitioner,<br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, ACTING SECRETARY ELAINE C. DUKE, et al.,<br><br>                  Respondents. | Case No. 3:17-cv-00192-SLG |

## ORDER RE PENDING MOTIONS

Before the Court are two motions: at Docket 57 is Respondents' Motion to Dismiss or for Entry of Judgment and at Docket 58 is Petitioner's Motion to Reopen, Alter or Amend. The motions have been briefed; oral argument was not requested and not necessary to the Court's determinations.[1] For the reasons set forth below, Respondents' motion will be granted by entry of a final judgment and Petitioner's Motion to Reopen, Alter or Amend will be denied.

### 1. *Background*

Petitioner Juan Bautista Merino instituted this case on September 5, 2017, by filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. A summary of the factual background of this case is set forth at Docket 51, the Court's Order re Petition for Habeas Corpus and Motion for Temporary Restraining Order, and will not be repeated here.

---

[1] Docket 60 (Opp'n to Motion to Dismiss); Docket 61 (Reply to Motion to Dismiss); Docket 59 (Memo. in Support of Motion to Reopen); Docket 62 (Response).

After the petition was filed, the Court issued an Order to Show Cause directing the Petitioner to provide "the basis for this Court's exercise of subject matter jurisdiction over his petition."[2] The Court's order focused on the jurisdictional restrictions applicable to expedited removal orders.[3] However, in their ensuing filings, the parties agreed that Mr. Bautista's reinstated removal order was not based on an expedited removal order to which 8 U.S.C. § 1225(b)(1) would apply.[4] Petitioner's jurisdictional briefing in response to the Order to Show Cause explained why Section 1225(b)(1) was inapplicable and addressed alternative bases for this Court's jurisdiction over the habeas petition.[5]

On October 16, 2017, the Court issued its Order re Petition for Habeas Corpus and Motion for Temporary Restraining Order.[6] The Court first held that as a district court, it does not have jurisdiction to review Mr. Bautista's challenge to the 2007 removal order; rather, the forum for such a challenge would be the appropriate court of appeals. But the Court held that it did have habeas jurisdiction to review challenges to the conditions of Mr. Bautista's detention by the federal government. Mr. Bautista had sought an order that would preclude the government from transferring him outside of Alaska, based on his assertion that his right to access his Alaskan attorney would be impacted. To address that concern, the Court ordered Respondents "to facilitate the video conference

---

[2] Docket 6 at 4.

[3] *See* Docket 6 at 2–4 (citing 8 U.S.C. § 1252(e)(2) and § 1225(b)(1)).

[4] *See* Docket 9 at 2; Docket 47 at 7 n.7.

[5] *See* Docket 9 at 10–16 ("Mr. Bautista was ordered removed under 8 U.S.C. § 1229a, not 8 U.S.C. § 1225(b)(1)" and purported removal order *void ab initio*, so "there is no jurisdictional bar to habeas corpus").

[6] Docket 51.

participation of counsel for Mr. Bautista at all future immigration hearings outside of Alaska[.]"[7] The Court then denied the habeas petition without prejudice, and denied the motion for a TRO except with respect to the video conferencing.

On November 7, 2017, the Clerk's Office at the district court filed its standard deficiency notice, because no answer or other response to the petition had been filed by Respondents.

On November 17, 2017, Respondents filed the motion to dismiss or enter judgment that is currently pending with the Court. On November 22, 2017, Petitioner filed the pending motion to reopen, alter or amend.

### *2. Discussion*

Petitioner's motion to reopen, alter, or amend the case is untimely and will be denied on that basis. Petitioner cites to three of the Federal Rules of Civil Procedure in support of his motion. Fed. R. Civ. P. 50(b) is inapplicable – it applies to challenges to the sufficiency of the evidence in a civil jury trial. Fed. R. Civ. P. 59(e) applies to amendment of judgments; here, no judgment has yet been entered in this case.[8] Fed R. Civ. P. 60 allows for the modification of final judgments, orders, and proceedings. The applicable provision here is Local (Civil) Rule 59.1, which applies to motions for reconsideration of non-appealable orders. That rule requires that a motion for

---

[7] Docket 51 at 9.

[8] *See generally* Fed. R. Civ. P. 58: "Every judgment and amended judgment must be set out in a separate document" to be entered by the Clerk of Court. Here, the Court dismissed the habeas petition without prejudice on October 16, 2017, but did not direct the entry of a final judgment on a separate document at that time. Rather, the denial of the petition at that time was "without prejudice in light of the mandatory 90-day detention provision of 8 U.S.C. § 1231(a)(2)." Docket 51 at 9.

reconsideration of an order "must be filed not later than fourteen (14) days after entry of the order."[9] Here, the motion to reopen or alter was not filed until November 22, 2017, over one month after the Court's October 16, 2017 order had been filed.[10]

In light of the foregoing, the Court will grant Respondents' motion by directing the Clerk of Court to issue a final judgment dismissing the petition without prejudice at this time.

### *3. Conclusion*

Therefore, IT IS ORDERED that:

    a.    Respondents' motion for entry of judgment at Docket 57 is GRANTED and Petitioner's motion to reopen or alter at Docket 58 is DENIED.

    b.    The Clerk of Court is directed to enter a Final Judgment dismissing this action without prejudice.

DATED this 7th day of February, 2018, at Anchorage, Alaska.

                                    */s/ Sharon L. Gleason*
                                    UNITED STATES DISTRICT JUDGE

---

[9] The 14 day time limit does not apply when there has been an intervening change of controlling law; that exception does not apply here. *See* D.Ak. L.R. (Civil) 59.1(b)(2).

[10] Given this delay, even if the 28-day time frame specified in Fed. R. Civ. P. 52(b) were applicable, the motion is untimely. *See* Docket 62 at 2.